UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-232 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (35) Ballam Hazeakiah Dudley, | |
| Defendant. | |

Harry Jacobs, Esq., Joseph H. Thompson, Esq., and Melinda A. Williams, Esq., United States Attorney's Office, counsel for Plaintiff.

Donald M. Lewis, Esq., Nilan Johnson Lewis, PA, counsel for Defendant Dudley.

Defendant Ballam Hazeakiah Dudley was indicted on counts for conspiracy to commit mail fraud, mail fraud, and wire fraud, along with forty-two other Defendants in a nationwide conspiracy to commit mail and wire fraud in the telemarketing of magazine subscriptions. (Doc. No. 15, Indictment.) Now before the Court is Defendant Dudley's motion to dismiss the Indictment for selective prosecution. (Doc. No. 1029, Def.'s Mot. to Dismiss.) The Government filed a response opposing the motion.[1] (Doc. No. 1068, Gov'ts Resp.) Defendant has since agreed that this motion "can be considered and

---

[1] In its response, the Government states that defense counsel did not meet and confer with the Government before filing this motion. A meet and confer is required by Local Rule. *See* D. Minn. LR 12.1 (b) ("Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute."). Defense counsel is hereby reminded of this obligation.

determined by the Court on the papers without oral argument." (Doc. No. 1124, 2/17/22 Letter.) Based on the file, records, and submissions herein, and for the reasons detailed below, this Court recommends that Defendant's motion to dismiss the Indictment be denied.

## DISCUSSION

In the Indictment, the Government alleges that numerous companies operated telemarketing call centers from which salespersons called victim-customers and misrepresented themselves as holding accounts for the customer's existing magazines subscriptions. Two of the companies identified in the Indictment were West Side Readerz and Central Subscription Services. Defendant Dudley, an African American, concedes that he worked for both of these companies at various times. (Def.'s Mot. to Dismiss 2.) The Indictment states that Defendant Dudley "worked at the call center in Fridley, Minnesota, and later worked from his home in Fayetteville, Arkansas." (Indictment ¶ 3(kk).) The Indictment also states that Defendant Dudley, along with two other named Defendants, "were telemarketers who conducted fraudulent magazine sales for West Side Readerz and Central Subscription Services. (*Id.* at ¶ 3(kk).)

Defendant Dudley moved to dismiss the Indictment as it is asserted against him based on selective prosecution. (Doc. No. 1029.) He asserts "[t]he charges against him are arbitrary and capricious as the Government has chosen to ignore the conduct of more than 100 similarly situated co-workers who engaged in the same conduct but have not been charged with crimes." (*Id.* at 1.) He also asserts that the fact that he "is an African American male suggests impermissible prejudice in the decision to prosecute him." (*Id.*)

2

The Government concedes that "the overwhelming majority of the defendants charged in this case are white," but strongly opposes the motion stating Defendant's Dudley's allegation is "outrageous" and that his "claim that he was charged because of his race is both wrong and offensive." (Gov'ts Resp. 66 n.12, 69–70.)

A selective prosecution claim requires a defendant to show that: "(1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). The "evidentiary burden is a heavy one." *United States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011) (quoting *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004)); *see also United States v. Matter*, 818 F.2d 653, 654–55 (8th Cir. 1987) ("The defendant's burden is a heavy one, and because we afford broad discretion to prosecuting authorities, we require a showing of intentional and purposeful discrimination.") (internal quotations omitted). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion." *United States v. Jacobs*, 4 F.3d 603, 604 (8th Cir. 1993) (quotations omitted).

This Court addresses the second prong first – i.e., whether the decision to prosecute was motivated by a discriminatory purpose. This requires a showing of "intentional and purposeful discrimination." *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998) (quotations omitted). Defendant Dudley has offered "no credible evidence" that race played a role in the Government's decision to charge him. *See Hirsch*, 360 F.3d at 864; *see also Peterson*, 652 F.3d at 981. Instead, Defendant only makes

3

speculative statements in his motion. (*See* Doc. No. 1029 at 5 ("[I]t appears the Government's decision to indict Dudley was influenced by his race."); *id.* ("[I]t appears the Government exploited the fact that Dudley, an African American employee, would be a favorable target among the sea of West Side's non-black employees."). The statements made by Defendant in his motion are not supported.

While the burden is on Defendant to show the decision to prosecute was motivated by a discriminatory purpose, the Government has provided an explanation that contradicts Defendant's speculative assertions:

> [D]uring the investigation the government used a cooperating defendant to send out lead lists containing the names of undercover agents. These lead lists were sold to lead brokers . . . . The lead brokers, in turn, sold the lists to the owners of companies involved in the fraudulent telemarketing fraud scheme. The undercover agents on these lists later received fraudulent telemarketing calls from telemarketers involved in the conspiracy who did not know they were talking to undercover agents. Law enforcement recorded the calls.
>
> . . . The undercover agents received fraudulent telemarketing calls from two employees of Central Subscription Services, defendant Dudley and defendant Andrew Landsem, and one employee of Pacific Beach Readers Club, Caitlin Schlussler. All three were charged.

(Doc. No. 1068, Gov'ts Resp. 65–66.) The Government also represents the following:

> . . . across the indictment, the government charged telemarketers who were caught on tape making fraudulent telemarketing calls to undercover federal agents. Which is to say, the government charged those defendants against whom it had sufficient evidence . . . The decision to charge these defendants had nothing to do with their race.

(*Id.* at 66–67.) Defendant has provided no evidence rebutting the Government's explanation nor supporting his theory.

4

Because Defendant Dudley has not met his burden with respect to the second prong in the analysis, this Court need not address the first prong.[2] *See Peterson*, 652 F.3d at 981 (concluding the defendant had not met his burden regarding the second prong, and therefore not addressing the first prong). And because Defendant Dudley has not met his burden, Defendant's motion to dismiss the Indictment should be denied.

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Dudley's Motion to Dismiss Indictment for Selective Prosecution. (Doc. No. 1029) be **DENIED**.

Date:  March 23, 2022

 *s/ Becky R. Thorson*
 BECKY R. THORSON
 United States Magistrate Judge

---

[2]  The Court notes that the Government's position is that "the other telemarketers were not similarly situated to [Defendant] Dudley because they were not caught on tape defrauding undercover agents . . . He was caught, *on tape*, participating in the charged telemarketing fraud scheme by making fraudulent telemarketing calls. His uncharged co-workers were not." (Gov'ts Resp. 67 (emphasis in original).) And the Government also points out that Defendant Dudley has not "identified any similarly situated telemarketing employees who defrauded undercover agents on tape but were not charged." (*Id.* at 68.)

5

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **April 6, 2022**. A party may respond to those objections by **April 20, 2022**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.