UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 20-232 (JRT/DTS) |
| v. | |
| BALLAM HAZEAKIAH DUDLEY (35), | MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO AMENDED TRIAL NOTICE |
| Defendant. | |

---

Joseph H. Thompson, Harry Jacobs, Matthew S. Ebert, and Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Donald M. Lewis, Kathleen K. Curtis, **NILAN JOHNSON LEWIS P.A.**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for defendant.

Defendant Ballam Hazeakiah Dudley was scheduled to be tried with his co-defendants on April 10, 2023. On February 15, 2023, Dudley's co-defendant Tashena Crump filed a sealed Motion to Continue Trial Date, which the Court granted. The Court subsequently issued an Amended Trial Notice and set trial for Dudley, Crump, and their remaining co-defendants for September 26, 2023. Dudley now objects to the Amended Trial Notice on speedy trial grounds. He argues that moving his trial from April 10, 2023 to September 26, 2023 violates his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. Because Crump requires additional time for her new counsel to prepare for the trial, the Court finds that the ends of justice served by the granting of a

continuance outweigh Dudley's interest in having a speedy trial. Accordingly, the Court will overrule Dudley's objection to the Amended Trial Notice.

## BACKGROUND

On October 20, 2020, Dudley was indicted along with 42 co-defendants for conspiracy to commit mail fraud, mail fraud, and wire fraud. (Indictment, Oct. 20, 2020, Docket No. 15.) On October 28, 2020, the Court issued an order designating this case as complex under the Speedy Trial Act "given the large volume of discovery, the nature of the evidence collected, and the multiple issues involved in the discovery process, as well as the sheer number of defendants." (Order at 1, Oct. 28, 2020, Docket No. 102.) Based on this designation, the Court excluded time from October 28, 2020 through October 27, 2021 from calculation of the Speedy Trial date. (*Id.* at 2.)

Beginning in November 2021, the defendants filed approximately 141 pretrial motions, for which this Court issued its final rulings in August 2022. (*See generally* Order, Mar. 17, 2022, Docket No. 1172.) The Court then held a status conference on August 24, 2022, where it severed the defendants into two separate trials due to the significant number of defendants. (Minute Entry, Aug. 24, 2022, Docket No. 1271.) Dudley was split into the second group of defendants, whose trial date was set for February 13, 2023. (Trial Notice, Sept. 2, 2022, Docket No. 1280.)

The Court held another status conference with this second group of defendants on January 13, 2023. (Minute Entry, Jan. 13, 2023, Docket No. 1433.) The Court was

informed that counsel for the parties had several scheduling conflicts in March and April 2023 that could affect counsels' ability to effectively prepare for trial. Accordingly, the Court issued a Trial Notice moving the trial date to April 10, 2023. (Trial Notice, Jan. 18, 2023, Docket No. 1434.)

Defendant Tashena Crump then filed a sealed Motion to Continue Trial Date in part to give her new counsel sufficient time to research and prepare for trial. (Mot. Continue Trial Date, Feb. 15, 2023, Docket No. 1444.) Crump's prior attorney withdrew on December 5, 2022, and new counsel was appointed on December 21, 2022. (Order, Dec. 5, 2022, Docket No. 1358; Order for Appointment of Counsel, Dec. 21, 2022, Docket No. 1394.) The Court granted Crump's motion for a continuance and set a new trial date for Crump of September 5, 2023. (Trial Notice, Feb. 22, 2023, Docket No. 1452.) The Court subsequently issued an Amended Trial Notice on March 9, 2023, moving the trial date for all remaining defendants—including Crump and Dudley—to September 26, 2023. (Am. Trial Notice, Mar. 9, 2023, Docket No. 1467.)

On March 20, 2023, Dudley filed an objection to his amended trial date. (Obj. Am. Trial Notice, Mar. 20, 2023, Docket No. 1483.) He asserts his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment is violated. (*Id.*)

**DISCUSSION**

**I.   STATUTORY RIGHT TO A SPEEDY TRIAL**

Dudley argues continuing his trial date to September 26, 2023 is a violation of his speedy trial rights. However, the Court finds the need of Tashena Crump's new counsel to become familiar with this complex case excludes the continuance from the Speedy Trial date calculation and thus does not violate Dudley's Speedy Trial Act and Sixth Amendment rights.

The Speedy Trial Act requires a trial to "begin within 70 days of the filing of an information or indictment or the defendant's initial appearance." *United States v. Johnson*, 990 F.3d 661, 667 (8th Cir. 2021) (internal quotation marks omitted) (quoting *Zedner v. United States*, 547 U.S. 489, 497 (2006)). The Act includes several periods of delay which may be excluded from this calculation, however, so as "'[t]o provide the necessary flexibility' in criminal cases." *Id.* (quoting *Zedner*, 547 U.S. at 497).

Delay caused by a continuance issued by the district court may be excluded if the court sets forth its reasons for "finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see also Johnson*, 990 F.3d at 667. There are several factors a Court may consider in determining whether to issue an excludable continuance, including:

> Whether the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government

> continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(iv).  "[E]xclusions of time attributable to one defendant apply to all codefendants." *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Arrellano–Garcia*, 471 F.3d 897, 900 (8th Cir. 2006)); *see also* 18 U.S.C. § 3161(h)(6) (stating that a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excluded in computing time).

Dudley's codefendant Tashena Crump was issued a continuance in part to provide her new counsel "the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(8)(B)(iv). (Trial Notice, Feb. 22, 2023, Docket No. 1452.)  In the interest of justice, the Court amended the trial date for all the remaining defendants to September 26, 2023. (Am. Trial Notice.)  Because this time is excluded from the Speedy Trial date calculation for Crump, it is excluded for Dudley as well. *Mallett*, 751 F.3d at 911.  Therefore, because the Court finds that the ends of justice served by the granting of a continuance outweigh the interest of the public and Crump—and thus Dudley—in a speedy trial, the Court denies Dudley's objection to the Amended Trial Notice on his statutory right to a speedy trial.

## II. SIXTH AMENDMENT

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. Though this Sixth Amendment right is reviewed separately from the statutory right to a speedy trial, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Aldaco*, 477 F.3d 1008, 1018–19 (8th Cir. 2007) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003).

In determining whether a defendant's Sixth Amendment speedy trial rights will be violated, a Court considers the four *Barker* factors: (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted their right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The right to a speedy trial attaches at the time of a defendant's arrest or indictment, whichever comes first, and runs until the defendant's trial commences. *Johnson*, 990 F.3d at 670 (citing *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). For the *Barker* analysis to apply, the time between indictment and trial must cross a line "dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651–52 (quoting *Barker*, 407 U.S. at 530–31). The Eighth Circuit has held that a 14-month delay is presumptively prejudicial. *Johnson*, 990 F.3d at 670. Here, the right to a speedy

trial attached on October 20, 2020, and will have run for nearly three years by the time Dudley's trial is scheduled to commence. Therefore, the Court must weigh and analyze the *Barker* factors.

The first factor is the length of the delay. Here, Dudley will have waited approximately 35 months by the time of trial, which is uncommonly long. *Doggett*, 505 U.S. at 651. The second factor is the reason for the delay. As discussed, there have been nearly yearlong delays each for the complicated discovery and for deciding upon the defendants' 141 pretrial motions. The blame for this complex discovery is neither attributable to Dudley alone, nor to any lack of reasonable due diligence or bad faith by the government. *See id.* at 656. Rather, these delays are understandably due to the complex nature of an alleged nationwide conspiracy to commit wire fraud involving dozens of defendants. *See id.*

As to the third *Barker* factor, Dudley has asserted his right to a speedy trial in due course by objecting to the Amended Trial Notice at this time. But he has done so without providing any arguments in support of his objection. *Barker*, 407 U.S. at 529 (instructing that courts may "weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection"). Therefore, that he has asserted his right to a speedy trial does not substantially weigh in his favor.

The final *Barker* factor for the Court to consider is whether Dudley has or will have suffered prejudice due to this delay. *Doggett*, 505 U.S. at 651. The three prejudicial

interests identified by the Supreme Court are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Dudley is released on bond, so "oppressive pretrial incarceration" is not an issue. Though awaiting the disposition of federal criminal charges for nearly three years may certainly cause anxiety, that is insufficient without more to show prejudice. *United States v. McGhee*, 532 F.3d 733, 740 (8th Cir. 2008) ("[A]lthough anxiety and concern are present in every case, this alone does not demonstrate prejudice."). Finally, Dudley has made no assertions or provided any evidence that this continuance will harm his ability to defend himself.

Therefore, based on its consideration of the *Barker* factors, the Court concludes that Dudley's Sixth Amendment right to a speedy trial has not been violated. Accordingly, the Court will overrule his objection to the Amended Trial Notice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Objection to the Amended Trial Notice on Speedy Trial Grounds [Docket No. 1483] is **OVERRULED**.

DATED: April 11, 2023　　　　　　　　　　　　　　　　___John N. Tunheim___
at Minneapolis, Minnesota.　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge